UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 09-195(DSD/RLE)

James Allen Martin,

        Plaintiff,

v.                                                  **ORDER**

Dennis Benson, Steve Youngs
and Scott Giannini,

        Defendants.


This matter is before the court upon the pro se objections of plaintiff James Allen Martin ("Martin") to the June 14, 2010, report and recommendation of Chief Magistrate Judge Raymond L. Erickson. In his report, the magistrate judge recommends that the court grant the motion of defendants Dennis Benson ("Benson"), Scott Giannini ("Giannini") and Steve Youngs ("Youngs") for summary judgment. Martin objects only to that part of the report and recommendation that recommends summary judgment in favor of Youngs. (Pl.'s Obj. 1.) The court reviews the report and recommendation of the magistrate judge de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b).

In this 42 U.S.C. § 1983 action, Martin, a patient at the Minnesota Sex Offender Program (MSOP) Moose Lake facility, alleges that staff used excessive force while removing him from his room on August 1, 2008. The background of this case is fully set forth in the magistrate judge's report and recommendation, and the court only summarizes the facts here. On August 1, 2008, Martin refused

to cooperate with an MSOP staff request that he open his mouth adequately for inspection, and then refused to move to an adjacent room to allow staff to search his room for contraband. Soon afterward, four MSOP staff, including Youngs, entered Martin's room to restrain and remove him from the room. While handcuffing Martin, Youngs used a wrist lock for about fifteen seconds. Martin did not speak during the incident, and was not aware that his arm had been injured until some time later. Thereafter, Martin filed the instant action, claiming excessive use of force in violation of § 1983. (See Am. Compl. ¶ 5.)

Martin first objects to the magistrate's judge determination that Youngs is entitled to summary judgment on his excessive-force claim. After a de novo review, the court finds that the magistrate judge's well-reasoned and thorough report correctly disposes of Martin's excessive-force claim. Therefore, the court overrules Martin's objection.

Martin next objects to the absence of discussion of his failure-to-protect argument in the report and recommendation. Specifically, Martin asserts that Youngs failed to protect him against Youngs's own use of force while handcuffing him. Setting aside the nature of a failure-to-protect claim, which implies protection from others rather than from a defendant's own acts, Martin's claim fails on the merits. To prevail, he must show that Youngs was "deliberately indifferent to a substantial risk of

2

serious harm." Young v. Selk, 508 F.3d 868, 872 (8th Cir. 2008) (citation and quotation marks omitted).  Specifically, Martin must show that Youngs "actually kn[ew] of the substantial risk and fail[ed] to respond reasonably to it." Id. at 873.  Even assuming, as the magistrate judge did, that a genuine issue of material fact exists as to the substantial risk of serious harm, Martin's claim fails because the record contains no facts from which a reasonable jury might find that Youngs had actual knowledge of a substantial risk.  Indeed, neither Youngs nor Martin was aware that he was suffering any injury.  (See Martin Aff. ¶ 11.)  Therefore, summary judgment is also warranted on Martin's failure-to-protect claim, and the court overrules Martin's objection.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Martin's objections [Doc. No. 29] are overruled;

2. The magistrate judge's report and recommendation [Doc. No. 28] is adopted in its entirety;

3. Defendants' motion for summary judgment [Doc. No. 17]is granted;

4. This action is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 21, 2010

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court